## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **ANTHONY BODISON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:09-1287** |
| | ) | |
| **TODD R. CRAIG, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On November 30, 2009, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. §

2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.) As

grounds for claiming entitlement to relief, Petitioner alleges that the BOP is incorrectly calculating

his sentence. (Id.) Specifically, Petitioner states as follows:

> Petitioner's instant offense produced a Federal indictment on December 13, 2006.
> Petitioner was incarcerated by the State of New Jersey on December 13, 2006, on an
> unrelated offense. Without ever being released, Petitioner was arraigned in United
> States District Court for the above referenced case number on June 26, 2007.
> Afterwards, the Petitioner was returned to State custody, but still had a federal
> detainer on him. The following year, on June 17, 2008, Petitioner was sentenced by
> the Honorable Judge Walls to 41 months in the United States District Court for the
> above referenced case number. On December 1, 2008, Petitioner was released from
> State custody and immediately taken into Federal custody. The Bureau of Prisons is
> using the date of release from State custody and placement into Federal custody for
> sentence computation purposes as the beginning of Petitioner's Federal sentence.

(Id., p. 1.) As relief, Petitioner requests the Court "grant petitioner credit for time served from date

of Federal indictment due to the fact that he was never released from incarceration, and if he was

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less
stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See
Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

he had a Federal detainer on him and would have more than likely remained incarcerated pre-trial."
(Id.) In the alternative, Petitioner requests that the Court "grant him jail credits from his time of
Federal arraignment" or "award jail credits from the time of his sentencing forward." (Id.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot.
Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate
only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct.
1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319,
322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that
the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant
and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus*
proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds
him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky,
410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of
Petitioner's release from custody, the Respondent can no longer provide the requested relief.
Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction
> always satisfies the case-or-controversy requirement, because the incarceration (or
> the restriction imposed by the terms of the parole) constitutes a concrete injury,
> caused by the conviction and redressable by invalidation of the conviction. Once the
> convict's sentence has expired, however, some concrete and continuing injury other
> than the now-ended incarceration or parole - - some "collateral consequence" of the
> conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly,
Petitioner's claims are rendered moot by virtue of his release from custody and the absence of

collateral consequences,[2] and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 3, 2011.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: November 2, 2012.

R. Clarke VanDervort
United States Magistrate Judge